960 F.2d 145
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: ALBERT CHARLES BURGESS, JR., Petitioner.
 No. 92-8009.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 6, 1992
Decided: April 22, 1992
 
 On Petition for Writ of Mandamus.
 Albert Charles Burgess, Jr., Petitioner Pro Se.
 PETITION DENIED.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Albert Charles Burgess filed this petition for a writ of mandamus claiming that the district court did not grant or deny a certificate of probable cause when the court denied his 28 U.S.C.s 2254 (1988) petition, and that he consequently lost his right to appeal.* He seeks an order directing the district court to grant or deny a certificate of probable cause and make findings of fact so that he may properly appeal. We deny the petition.
 
 
 2
 In a habeas case, the district court's order may be appealed only if the district court judge or a circuit court judge issues a certificate of probable cause to appeal. 28 U.S.C. § 2253 (1988); Fed. R. App. P. 22(b). However, the district court is not required to grant or deny a certificate of probable cause in the absence of a motion to do so; in that case, the notice of appeal is considered to contain a request for a certificate of probable cause to appeal directed to the judges of the circuit court. Burgess has no clear right to have the district court grant or deny a certificate of probable cause; therefore, we deny the mandamus petition. In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988).
 
 
 3
 Although we grant leave to proceed in forma pauperis, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 PETITION DENIED
 
 
 *
 Burgess did appeal the district court's denial of his § 2254 petition, but he did not move in the district court for a certificate of probable cause to appeal. This Court denied a certificate of probable cause and dismissed the appeal on the merits and not due to the district court's failure to grant or deny a certificate of probable cause. Burgess v. Evatt, No. 90-6864(L) (4th Cir. Apr. 3, 1991) (unpublished)